Mr. Barry Emigh 1720 Arrowhead, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of a popular name and ballot title for a proposed amendment to the Arkansas Constitution. You previously submitted a popular name and ballot title for a similar measure, which I rejected in Opinion 99-296 due to a number of unresolved ambiguities arising from the text of your measure. You have now made changes to the text of your proposal and have submitted the following proposed popular name and ballot title for my certification:
 POPULAR NAME PROVIDE FOR THE IDENTIFICATION AND PROHIBITION OF ACLOHOL [SIC], AND FIREARM PURCHASES FROM THOSE PERSONS CONVICTED OF AN ALCOHOL OFFENSE OR PROHIBITED FROM THE POSSESSION OF A FIREARM
 BALLOT TITLE AMENDMENT TO INDENTIFY [SIC] ANY PERSON FOUND GUILTY, PLEADING GUILTY, OR NO CONTEST TO DRIVING A VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL, PUBLIC INTOXICATION, ASSAULT AND BATTERY WHILE UNDER THE INFLUENCE OF ALCOHOL, DISTURBING THE PEACE WHILE UNDER THE INFLUENCE OF ALCOHOL, OR A DOMESTIC DISTURBANCE `WHILE UNDER THE INFLUENCE OF ALCOHOL WITH THE WORDS `ALCOHOL PROHIBITED' WRITTEN ON A PERSON'S STATE ISSUED DRIVER'S LICENSE OR STATE ISSUED IDENTIFICATION; PROVIDE FOR THE IDENTIFICATION OF ANY PERSON PROHIBITED FROM THE POSSESSION OF A FIREARM BY THE COURTS WITH THE WORDS `FIREARM PROHIBITED' WRITTEN ON A PERSON'S STATE ISSUED DRIVER'S LICENSE OR STATE ISSUED IDENTIFICATION; TO PROVIDE FOR THE PROHIBITION ON THE PURCHASE OF ALCOHOLIC BEVERAGES TO THOSE PERSONS IDENTIFIED WITH THE WORDS `ALCOHOL PROHIBITED' WRITTEN ON THEIR STATE ISSUED DRIVER'S LICENSE OR STATE ISSUED IDENTIFICATION BY THOSE BUSINESSES LICENSED BY THE STATE TO SELL ALCOHOLIC BEVERAGES; PROVIDE FOR THE PROHIBITION ON THE PURCHASE OF A FIREARM AND AMMUNITION TO THOSE PERSONS IDENTIFIED WITH THE WORDS `FIREARM PROHIBITED' WRITTEN ON THEIR STATE ISSUED DRIVER'S LICENSE OR STATE ISSUED IDENTIFICATION BY A LICENSED FIREARM DEALER AND NON LICENSED INDIVIDUALS SELLING A FIREARM AND AMMUNITION: TO PROVIDE A FINE FOR ANYONE LICENSED BY THE STATE TO SELL ALCOHOLIC BEVERAGES SELLING AN ALCOHOLIC BEVERAGE TO A PERSON IDENTIFIED WITH THE WORDS `ALCOHOL PROHIBITED' WRITTEN ON THEIR STATE ISSUED DRIVER'S LICENSE OR STATE ISSUED IDENTIFICATION; TO PROVIDE A FINE FOR A LICENSED FIREARM DEALER OR INDIVIDUAL SELLING A FIREARM OR AMMUNITION TO ANYONE IDENTIFIED AS WITH THE WORDS `FIREARM PROHIBITED' ON THEIR STATE ISSUED DRIVER'S LICENSE OR IDENTIFICATION; TO PROVIDE FOR THE REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT AND PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject both your proposed popular name and ballot title due to several unresolved ambiguities in the text of your proposed measure. There are a number of additions or changes to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107(b).
Ambiguities, grammatical and syntax errors continue to plague your proposal. At a minimum, however, the following ambiguities must be clarified in both your measure and ballot title:
 1) Substantial syntax errors occur in the introductory portions of Sections 1 and 2 and in Section 1(3) and 3(a). Construction of these Sections is difficult while these errors remain. I can, in large part, however, determine the intention of your measure in these subsections notwithstanding the syntax errors.
 2) Section 1 (1), (2) and (3) of your proposal involve the use of "breathalizer" [sic] tests to determine the influence of alcohol in the commission of the enumerated offenses. Section 1(1) states that ". . . a person shall be found guilty of being under the influence of alcohol or intoxicated with a blood-alcohol level of point one (.1%) percent on a breathalizer test. . . ." Section 1 (3) states that ". . . any person refusing a breathalizer test . . . shall be a plea of no contest . . . with any of the aforementioned criminal offenses herein stated." Your proposal does not indicate what type of "breathalizer" test is to be used in the circumstances you describe. An existing Arkansas statute currently regulates the admissibility of breath analysis tests in criminal and civil proceedings, and renders inadmissible the results of any test which does not conform to the requirements of that statute. See A.C.A. § 5-65-207. See also A.C.A. § 5-75-107. Questions arise as to whether the "breathalizer" tests referred to in your proposal must meet the requirements of this statute, or whether any "breathalizer" test is sufficient for the purposes of your amendment. Any change in current law in this regard must be reflected in the ballot title for your measure.
 3) Section 1(3) of your proposal makes refusal to take a "breathalizer" a "plea of no contest . . . with any of the aforementioned criminal offenses." It is unclear whether this language mandates a plea of no contest to the underlying criminal offense or just to being under the influence of alcohol. If it is the former, the mandatory presumption of guilt contained in Section 1(3) for refusal to submit to a breath analysis gives rise to constitutional concerns. See, e.g., Mullaney v. Wilbur, 421 U.S. 684 (1975). If it is the latter, questions arise as to whether there is any criminal penalty for such a "plea" or whether the only sanction is the administrative driver's license restriction.
 4) An ambiguity arises from Section 3 (b) of your amendment in that it states that the affected persons "shall have their state issued driver's license if not suspended by the state or state issued identification available to them upon request by the individual from the driver's license bureau." I assume that your intention is the make the special driver's license a mandatory requirement, rather than making the requirement optional at the "request" of the convicted individual. If this is indeed your intention, it must be more clearly expressed in your text. There is, in this regard, no requirement in your amendment that the affected person surrender an existing unrestricted license. I cannot fairly summarize this point in a ballot title without clarification of your text.
 5) An additional ambiguity arises from what appears to be a typographical error in Section 7 of your proposed measure. This Section states that: "Upon passage of this amendment any person established in the sale of firearms or ammunition as a licensed firearm dealer or any individual not a licensed firearm dealer selling a firearm or ammunition to a person with the words "Alcohol Prohibited" on a state issued driver's license or state issued identification shall be found guilty of a violation of this amendment. . . ." (Emphasis added). I assume that the emphasized language should read "Firearm Prohibited," but I cannot summarize this portion of you measure accurately with the current typographical error in your text.
As noted above, ambiguities, grammatical and syntax errors continue to plague your proposed amendment. Consultation with legal counsel of your choice, or a person skilled in the drafting of legislation is recommended.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General